W. C. RODGERS v. ARTHUR W. DREWRY AND OTHERS.[1]

February 4, 1938.

No. 31,511.

[1]Reported in 277 N. W. 393.

*O'Brien & Quinlivan,* for appellant.
*Doherty, Rumble & Butler,* for respondents.

LORING, JUSTICE.

This case is a sequel to a case between the same parties reported in 196 Minn. 16, 264 N. W. 225, to which reference is made for the principal facts stated in this complaint. We there held that the complaint did not state a cause of action. The plaintiff in that action did not move to amend his pleading but allowed judgment to be entered on the order sustaining the demurrer. In the present action another paragraph was added to the facts stated in the former complaint, and this paragraph covers an item of $1,875 alleged to have been a diversion to these defendants of funds belonging to Drewry & Sons Company. The contract of April 5, 1932, and that of December 20, 1932, both referred to in our former opinion, were alleged in the new complaint, and it was further alleged that the sum of $15,306 paid to the defendants in cash and notes at the time of the execution of the contract of December 20 was paid to them for the use and benefit of Drewry & Sons Company. The complaint seeks recovery thereof on the theory of money had and received.

Upon the trial evidence was received in regard to the item of $1,875, and the defendants objected to the reception of any evidence under the complaint other than the $1,875 item. The court sustained the objection, holding that as to the item of $15,306, the complaint stated no cause of action. An exception having been taken to the court's ruling excluding this evidence and the court having made findings of fact and conclusions of law in favor of the plaintiff on the $1,875 item, a motion was made by the plaintiff for a new trial on the ground of errors of law and the insufficiency of the evidence to sustain the findings. This was denied. Plaintiff has

appealed from an order denying his motion for a new trial, assigning error on the exclusion of the testimony and also upon the ground that the evidence does not sustain the finding that the "consideration passing at the time of the cancellation of the contract on December 20, 1932, was for the purpose of effecting a rescission of the contract."

The contract of April 5 was a contract on the part of Drewrys, Ltd. of Winnipeg, to purchase all of the corporate stock of Drewry & Sons Company from the defendants, who were the owners thereof, for the sum of $136,290 in instalments payable quarterly. The contract was optional to the extent that Drewrys, Ltd. might surrender their option and stop paying at any time after they had paid two years' instalments. In December it evidently became obvious to them that the contract was not a profitable one, and they entered into the contract of December 20 with the defendants by which they canceled and surrendered the contract of April 5 and paid the sum of $15,306 to the defendants, which was something less than the balance of the money they were required by the April contract to pay during the first two years. By the terms of the contract of April 5 it was provided that if Drewrys, Ltd. did not exercise their option to purchase, but turned back the stock, the defendants were to pay Drewrys, Ltd. a sum equal to any increase of current assets over liabilities, and Drewrys, Ltd. was to pay to the defendants any decrease in the excess of current assets over liabilities based on the balance sheet of March 31, 1932. There was such a decrease between March 1 and December 20, amounting to $17,157.71, and it is specifically alleged in the complaint in the present action that Drewrys, Ltd. in paying the defendants the sum of $15,306 did so in accordance with the terms of the contract of April 5 and that payment was made for the express purpose of correcting and adjusting the decrease in the excess of current assets over liabilities. There is no claim that such decrease was brought about by any fraud or mismanagement on the part of Drewrys, Ltd. while it was owner of the stock, nor is there any claim that the defendants were guilty of such conduct. The claim appears to be based entirely upon the provisions of the contract which, after providing that upon the

surrender of the stock, Drewrys, Ltd. should pay any decrease in the balance sheet or the defendants should pay to Drewrys, Ltd. any increase, provides further:

"It is the intent that Drewry & Sons Company will be in the same current position as it now is   *   *   *"

It is quite obvious from the contract that there was no agreement on the part of anybody to put Drewry & Sons Company in the same position as it was in on March 31, but merely that the balance sheet of that date should be taken as the basis upon which the settlement should be made between the parties to the April contract in the event that the stock was surrendered and the option of Drewrys, Ltd. was not exercised. The money being paid to the defendants under the provisions of the contract, Drewry & Sons Company could have no claim upon it. Calling the action one for money had and received does not help the plaintiff when by the specific allegations of his complaint it is shown how and why the money was received and that the corporation had no claim upon it. In the former action it was alleged that the defendants received money which belonged to Drewry & Sons Company, but there, as here, it appeared that this money was received under the terms of the contract of April 5. In the former case we held that the complaint stated no cause of action for the payment made by Drewrys, Ltd. to the defendants at the time of the December 20 contract, and we hold the same here except as to the $1,875 which the plaintiff recovered and which is not an issue before us. It being our view that the trial court correctly ruled out the evidence, there is no necessity of discussing the question as to whether or not the former judgment is a bar to recovery on the $15,306 item. This is not a case where plaintiff in the former action merely mistook his remedy. He wholly failed to plead a cause of action and has merely again stated the same facts and again asked for the same recovery on the same subject matter.

Order affirmed.